```
             IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEBRASKA
```

| | | |
|---|---|---|
| ANONYMOUS, | ) | |
| | ) | |
| Plaintiff, | ) | 8:04CV269 |
| | ) | |
| v. | ) | |
| | ) | |
| GORDON KEENE VELLA, | ) | MEMORANDUM AND ORDER |
| FELLOWSHIP BAPTIST CHURCH, | ) | |
| BAPTIST BIBLE FELLOWSHIP, and | ) | |
| NEW HOPE BAPTIST CHURCH, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

A telephone conference was held with counsel on May 16, pursuant to Fed. R. Civ. P. 16.  Counsel were agreed that their earlier estimates as to time necessary to prepare the case for trial were unrealistic and that a reasonable progression of the case would include disposition of motions for summary judgment before discovery could be expeditiously undertaken.  Scheduling of such motions was addressed.  In addition, the pending motion to extend deadline, filing 124, was granted.  The court was also requested to reconsider the scheduling of a settlement conference in this case.  In accordance with the discussion during the conference,

    IT IS ORDERED:

    The provisions of the court's earlier, initial progression order remain in effect, and in addition to those provisions, the following shall apply:

    1. **Motions for Summary Judgment**.  Motions for summary judgment shall be filed as soon as practicable but not later than August 15, 2005.  See NECivR 56.1 and 7.1.  In the statements of uncontroverted fact included in the parties' briefs related to such motion, each such uncontroverted fact shall be referenced to the element(s) of the claim or defense to which it relates.

    2.  **Motions to compel discovery** shall be filed by August 15 as to matters which are then ripe for decision.

    3.  **Withholding Documents from Disclosure or Discovery**.  If any document is withheld from production or disclosure on the grounds of privilege or work product, the producing party shall disclose the following information about each such document withheld:  A description of the document withheld with as much specificity as is practicable without disclosing its contents, including (a) the general nature of the document; (b) the identity and position of its author; (c) the date it was written; (d) the identity and position of its addressee; (e) the identities and positions of all persons who were given or have received copies of it and the dates they received them; (f) the document's present location and the identity and position of its custodian; (g) the specific reason or reasons why it has been withheld from production or disclosure.

    4.  **Motions to alter dates**.  All requests for changes of deadlines or settings established herein shall be directed to the magistrate judge by appropriate motion, including all requests for changes of trial dates.  Such motions shall not be considered in the absence of a showing by counsel of due diligence in the timely development of this case for trial and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

    5.  Defendant Vella's motion for extension of time, filing 124, is granted, and the disclosures and discovery responses shall be served on or before May 20, 2005.

    6.  Within two weeks following the court's last ruling on motions for summary judgment, counsel shall confer regarding settlement, and in addition, about suggesting a progression schedule for matters then remaining for trial.  Plaintiff's counsel shall then request a telephone conference with the attorneys and the undersigned so those proposals may be evaluated and a further progression order entered.

    DATED this 16th day of May, 2005.

                              BY THE COURT:

                              s/ *David L. Piester*
                              David L. Piester
                              United States Magistrate Judge