IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

```
ANONYMOUS,                        )
                                  )
                Plaintiff,        )              8:04CV269
                                  )
         v.                       )
                                  )
GORDON KEENE VELLA,               )              ORDER
FELLOWSHIP BAPTIST CHURCH,        )
BAPTIST BIBLE FELLOWSHIP, and     )
NEW HOPE BAPTIST CHURCH,          )
                                  )
                Defendants.       )
                                  )
```

IT IS ORDERED:

1.  A settlement conference is TENTATIVELY set before the undersigned with counsel and representatives of the parties on September 27, 2005 at 9:00 a.m. in chambers, 566 Federal Building and United States Courthouse, 100 Centennial Mall North, Lincoln, Nebraska.  The parties' representatives and/or counsel shall be prepared to participate and negotiate a settlement of this case during the conference in accordance herewith.

2.  Unless excused by order of the court, clients or client representatives with complete authority to negotiate and consummate a settlement shall be in attendance at the settlement conference.  This requires the presence of the client or if a corporate, governmental, or other organizational entity, an authorized representative of the client.  For a defendant, such representative must have final settlement authority to commit the organization to pay, in the representative's own discretion, a settlement amount up to the plaintiff's prayer, or up to the plaintiff's last demand, whichever is lower.  For a plaintiff, such representative must have final authority, in the representative's own discretion, to authorize dismissal of the case with prejudice, or to accept a settlement amount down to the defendant's last offer.  If board approval is required to authorize settlement, attendance of the entire board is requested; if the entire board does not attend, the attendance of at least one sitting member of the board (preferably the chairperson) authorized to settle as described above is absolutely required.  Any insurance company that is a party or is contractually required to defend or to pay damages, if any, assessed within its policy limits in this case must have a fully authorized settlement representative present.  Such

representative must have final settlement authority to commit the company to pay, <u>in the representative's own discretion</u>, an amount within the policy limits, or up to the plaintiff's last demand, whichever is lower.  If trial counsel has been fully authorized to commit the client to pay or to accept in settlement the amount last proposed by the opponent, <u>in counsel's sole discretion</u>, the client, client representative, or insurance company representative, as applicable, need not attend.  <u>The purpose of this requirement is to have in attendance a representative who has both the authority to exercise his or her own discretion, and the realistic freedom to exercise such discretion without negative consequences, in order to settle the case during the settlement conference without consulting someone else who is not physically present</u>.  In the event counsel for any party is aware of any circumstance which might cast doubt on a client's compliance with this paragraph, s/he shall immediately discuss the circumstance with opposing counsel to resolve it well before the settlement conference, and, if such discussion does not resolve it, request a telephone conference with the court and counsel.

3.   Counsel appearing for the settlement conference without their client representatives or insurance company representatives, authorized as described above, will cause the settlement conference to be canceled or rescheduled.  The non-complying party, attorney, or both may be assessed the costs and expenses incurred by other parties and the court as a result of such cancellation, as well as any additional sanctions deemed appropriate by the court.  Counsel are responsible for timely advising any involved non-party insurance company of the requirements of this order.

4.   Prior to the settlement conference, counsel shall discuss settlement with their respective clients and insurance representatives, and shall exchange with opposing counsel proposals for settlement so the parameters of settlement have been explored well in advance.  If as a result of such discussions, counsel for any party believes that the parties' respective settlement positions are so divergent, or for any other reason, that settlement is not reasonably possible in this matter, he or she shall seek a conference with the undersigned and opposing counsel, by telephone or otherwise, to determine whether the settlement conference should be canceled or postponed.  To avoid unnecessary incurring of travel and other expenses if the settlement conference is cancelled or postponed, request for such conference must be made on or before <u>September 13, 2005</u>.

5.    Counsel shall submit a <u>confidential</u> settlement statement to the undersigned no later than two working days prior to the conference, setting forth the relevant positions of the parties concerning factual issues, issues of law, damages, and the settlement negotiation history of the case, including a recitation of any specific demands and offers that have been conveyed.  This statement should describe candid and confidential interests or positions that in counsel's opinion may be preeminent in negotiating a settlement; copies should <u>NOT</u> be served on opposing counsel or parties.  The statement may not exceed five (5) pages in length and will not be made a part of the case file.[1]

6.    Notwithstanding the provisions of Rule 408, <u>Fed. R. Evid.</u>, all statements made by the parties relating to the substance or merits of the case, whether written or oral, made for the first time during the settlement conference shall be deemed to be confidential and shall not be admissible in evidence for <u>any</u> reason in the trial of the case, should the case not settle.  This provision does not preclude admissibility in other contexts, such as pertaining to a motion for sanctions regarding the settlement conference.

DATED this 17th day of May, 2005.

BY THE COURT:

s/ *David L. Piester*

David L. Piester
United States Magistrate Judge

---

[1] I intend to discuss with the parties and counsel during the settlement conference whether, as a result of these confidential statements and/or oral statements made confidentially during the settlement conference, I should recuse myself from further involvement in the case.