```
             IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEBRASKA

ANONYMOUS,                       )
                                 )
          Plaintiff,             )         8:04CV269
                                 )
     v.                          )
                                 )
GORDON KEENE VELLA,              )       MEMORANDUM AND ORDER
FELLOWSHIP BAPTIST CHURCH, A     )
Non-Profit Corporation; and      )
BAPTIST BIBLE FELLOWSHIP         )
INTERNATIONAL,                   )
A Non-Profit Corporation, and    )
NEW HOPE BAPTIST CHURCH,         )
A Non-Profit Corporation,        )
                                 )
          Defendants.            )
```

Defendant New Hope Baptist Church has filed a motion to quash a notice of deposition served on it by plaintiff pursuant to Fed. R. Civ. P. 30(b)(6). The motion says that defendant is a dissolved Nebraska corporation, has no current officers, directors, managing agents, or other employees, cannot compel former employees or agents to testify, objects to being bound by statements of any former employees or agents, and cannot, therefore, designate a person to be its spokesperson at a deposition under Rule 30(b)(6).

There is little or no evidence supporting the motion. Defendant has filed excerpts from a deposition of Ronnie L. Earnest, a former officer of the corporation, who refers to the corporation's "dissolving or disbanding or whatever you want to call it...." (Filing 162, Exhibit A, 19: 19-22). However, the exhibit to which reference was being made is titled a "Certificate of Revival or Renewal" which does refer to the corporation having become "inoperative" in 1982, but being "revived" in 1985, as certified by the Nebraska Secretary of

State.  Filing 162, Exhibit B.  Whatever else it may say, it does not say the corporation does not now exist.  Nor is there any other evidence supporting the statements in the motion.

I am left wondering what I don't know about the factual situation here, and it appears there may be a lot of information which is not before the court.  If the corporation has no existence and no employees or agents, how is it that three individuals signed certified mail receipts addressed to them (or in one instance, a spouse of the addressee) in representative capacities for New Hope Baptist Church, thereby accepting service of summons?  Who hired counsel, or notified defendant's insurer of plaintiff's claim so the insurer could hire counsel?[1]

I cannot quash a notice of deposition without some basis for doing so, and none has been shown here.

IT THEREFORE HEREBY IS ORDERED,

The motion to quash, filing 162, is denied, but without prejudice to reconsideration at such time as there is a complete record before the court to enable consideration of the facts asserted.

DATED October 7, 2005.

BY THE COURT:

s/ *David L. Piester*
David L. Piester
United States Magistrate Judge

---

[1] Incidentally, plaintiff argues that no insurance coverage has been disclosed.  Such coverage, if it exists, was required to be disclosed with the defendant's initial disclosures made pursuant to Fed. R. Civ. P.  26(a)(1).