```
              IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEBRASKA

ANONYMOUS,                          )
                                    )
              Plaintiff,             )         8:04CV269
                                    )
     v.                             )
                                    )
GORDON KEENE VELLA,                 )         MEMORANDUM AND ORDER
FELLOWSHIP BAPTIST CHURCH,          )
BAPTIST BIBLE FELLOWSHIP, and       )
NEW HOPE BAPTIST CHURCH,            )
                                    )
              Defendants.            )
                                    )
```

The plaintiff has filed a motion to compel, (filing 174), and a ruling on that motion was stayed pending attempts by the parties to resolve the issues, (filing 194). The court's filing 206 order required the plaintiff "to advise the court as whether the filing 174 motion to compel is fully resolved, and if not, file a statement outlining those issues remaining. . ." Filing 206. The plaintiff filed a response stating the motion to compel was not resolved, but provided no statement of issues. Filing 207. The plaintiff requests a ruling on the filing 174 motion to compel.

The plaintiff's motion to compel states:

> COMES NOW the Plaintiff and moves the Court for an order permitting the plaintiff to serve written discovery on Defendant Vella's employer and the lending institution that finances his residence. Plaintiff has complied with local rules by contacting counsel for Vella on April 14, 2005, and May 10, 2005, by telephone. On each of these occasions, plaintiff's counsel was advised that the defendant would "get the information" however, the information has not arrived. Plaintiff needs copies of financial statements and employment documents to ascertain the financial status of defendant.

Filing 174. The plaintiff has not filed a brief or index of evidence related to this motion, and, as related to this motion, has not provided the court with a copy of the discovery served or the defendant's response.

The plaintiff's motion states the plaintiff has requested copies of Vella's financial statements and employment documents to ascertain his financial status, that Vella's counsel has assured the plaintiff that this information will be provided, and that it has not been provided as promised. The issue of obtaining discovery of Vella's financial status was previously addressed in my May 5, 2005 memorandum and order. I stated:

> Assuming this court's record reflects all the discovery requests plaintiff has served on Vella, the plaintiff has never requested financial information nor a description of his current employment and responsibilities from Vella himself.
>
> . . .
>
> Exercising the discretion afforded by Rule 26(b)(2) of the Federal Rules of Civil Procedure, I shall therefore quash the subpoena to obtain Vella's personnel file from C.B. Richard Ellis at this time. If the plaintiff wishes to discover information concerning Vella's financial and employment status, she must first request the information from Vella himself through *normal discovery channels*. If such measures are unsuccessful, in whole or in part, and do not reveal the information plaintiff needs to pursue her punitive damages claims, she may re-serve her notice to subpoena Vella's personnel file. At that time the matter may again be presented to the court if necessary.

Filing 120 (memorandum and order) at p. 12-13 (emphasis added).

The plaintiff's filing 174 motion to compel again seeks financial information from Vella's employer, and now also the

institution which financed his home.  However, as before, the plaintiff has not provided the court with any evidence that discovery requests for such information were served on Vella, or that Vella has failed to comply with this discovery.  Perhaps such discovery was not served, but the plaintiff nonetheless seeks an order to enforce an agreement between counsel regarding production of this information.  However, I will not rule on discovery agreements between counsel when no related formal discovery requests have been served.  In order to resolve discovery disputes based on such agreements, I would have to first determine exactly what the parties agreed to do and then may be required to decide whose counsel is credible.  Such mini-trials undermine the goal of resolving cases fairly and expeditiously.  The Federal Rules of Civil Procedure were adopted to promote this goal, and those rules must be followed when seeking discovery and when requesting court resolution of discovery disputes.

I have previously outlined for the plaintiff the procedure that must be followed under the Federal Rules of Civil Procedure and the local rules of this court when filing a discovery motion.  See filing 88 (March 3, 2005 memorandum and order).  The plaintiff has therefore been thoroughly apprised that such motions require "a verbatim recitation of each interrogatory, request, answer, response, and objection that is the subject of the motion."  Filing 88 at p. 2 (quoting NECivR 7.1(i)(2).  As previously held, the plaintiff's failure to submit his motion to compel in accordance with the court's rules requires denial of his motion to compel.

I note, however, that although titled a motion to compel, the substance of the plaintiff's motion requests an order

allowing the plaintiff to serve written discovery on third party witnesses, specifically Vella's employer and the lending institution that provided financing to purchase his home. Rule 45 of the Federal Rules of Civil Procedure, and the related local rules of this court, govern discovery processes directed to third parties. It is unclear what the plaintiff is referring to when asking for an order permitting the service of "written discovery" on Vella's employer and lender, but I nonetheless note that the written discovery processes permitted under Rule 33 (interrogatories), Rule 34 (requests for production), and Rule 36 (Requests for Admission) may be served on "any other party." Vella's employer and his lender are not parties to this action.

As to the filing 174 discovery motion, the court cannot discern from the record whether or what specific discovery requests have been served on Vella, much less whether Vella unjustifiably objected or failed to respond to these requests. Moreover, to the extent that the "motion to compel" seeks an order permitting the plaintiff to file "written discovery" on third parties, such a request does not comply with this court's prior filing 120 order and is not authorized under the Federal Rules of Civil Procedure.

IT THEREFORE HEREBY IS ORDERED:

1. The plaintiff's motion to compel, filing 174, is denied.

2. Defendant Vella's motions to stay Plaintiff's Motion to Compel, filings 194 and 208, are denied as moot.

DATED this 2nd day of November, 2005.

BY THE COURT:

s/ *David L. Piester*
David L. Piester
United States Magistrate Judge

4