IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ANONYMOUS, | ) | |
| | ) | |
| Plaintiff, | ) | 8:04CV269 |
| | ) | |
| v. | ) | |
| | ) | |
| GORDON KEENE VELLA, | ) | MEMORANDUM AND ORDER |
| FELLOWSHIP BAPTIST CHURCH, | ) | |
| BAPTIST BIBLE FELLOWSHIP, and | ) | |
| NEW HOPE BAPTIST CHURCH, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The plaintiff has filed a motion for leave to file an amended complaint, filing 214, to add allegations that the defendants Fellowship Baptist Church ("Fellowship")and New Hope Baptist Church ("New Hope") breached a fiduciary duty to the plaintiff, and that they are vicariously liable for defendant Vella's alleged intentional conduct toward the plaintiff. Defendants New Hope and Fellowship both object to plaintiff's motion to amend.  See filings 218, 219, and 220.

STATEMENT OF FACTS

The plaintiff's lawsuit was removed to this court on June 9, 2004.  See filings 1 and 11.  Count I alleged Vella "physically sexually abused" the plaintiff and his conduct was "intentional, reckless and . . . so outrageous in character and so extreme in degree that it went beyond all possible bounds of decency." Filing 11 ¶ 4.  Count II alleged Vella sexually assaulted the plaintiff.  Counts I and II both alleged Vella, Fellowship, and New Hope were liable for plaintiff's resulting damages.  However, the parties' August 16, 2004 joint report of parties planning conference, filing 23, states:

> As a result of further investigation in accordance with Fed.R.Civ.P. 11 after filing the initial pleadings in this case, the parties agree that the following claims and defenses raised in the pleadings do not apply to the facts of this case, and hereby agree the court may dismiss or strike these claims and defenses at this time (an order adopting this agreement will be entered):  Plaintiff dismisses without prejudice Counts I and II against Defendants BBFI and Fellowship Baptist Church, only.

Filing 23 ¶ 2.  Counts I and II were accordingly dismissed as to defendants Fellowship and New Hope.  Filing 26 ¶ 13.

The court's August 25, 2004 Order Scheduling Initial Progression of Case, filing 26, provided that "[a]ny motion to amend pleadings shall be filed not later than 120 days following the filing of this order."  Filing 26 ¶ 6.  Accordingly, the plaintiff's deadline for moving to amend the complaint was December 23, 2004.  This deadline was never extended by court order.

The plaintiff's November 19, 2004 motion to amend the complaint, filing 48, was unopposed, and an amended complaint was filed on December 27, 2004.  Filing 56.  Consistent with the parties' planning conference report and the court's filing 26 order, the amended complaint no longer alleged that defendants Fellowship and New Hope were vicariously liable for defendant Vella's alleged intentional conduct toward the plaintiff.

Pastor Marvin Goodrick of Fellowship Baptist Church was deposed on February 25, 2005, and again deposed as a 30(b)(6) designee of Fellowship on March 30, 2005.  Vella was deposed on June 6, 2005.  According to the defendants, plaintiff's counsel thoroughly investigated the makeup of Fellowship, Vella's role in that church, and the relationship between Vella and the

2

congregation during these depositions.  Filing 219 (Rauterkus affidavit) at ¶¶ 3-4.

During a telephonic conference with the undersigned on May 16, 2005, the parties agreed that additional time was needed to prepare this case to final resolution and "a reasonable progression of the case would include disposition of motions for summary judgment before discovery could be expeditiously undertaken."  Filing 126 at p. 1.  The deadline for amending pleadings was not continued, but the deadline for filing summary judgment motions was extended to August 15, 2005.  Filing 126, order ¶ 1.  In late July 2005, the plaintiff and defendant New Hope each moved to continue the summary judgment filing deadline.  Filings 145 and 146.  These motions to continue were granted, and the parties were given a sixty-day continuance for filing summary judgment motions.  Filing 148.  Defendant New Hope filed for summary judgment on September 28, 2005; defendant Fellowship filed for summary judgment on September 22, 2005.  See filings 171 and 183.

As to defendant New Hope, the plaintiff is still pursuing discovery.  On October 27, 2005 the plaintiff served a Rule 30(b)(6) notice to depose a New Hope designated witness on November 15, 2005.  Filing 205.  Since discovery was on-going, the plaintiff's deadline for responding to New Hope's motion for summary judgment was extended to December 19, 2005.  Filing 202.  As to defendant Fellowship, the deadline for plaintiff's response to the motion for summary judgment was extended to November 12, 2005.  See filings 187 and 202 at page 1, footnote 1.

On November 11, 2005, the plaintiff responded to Fellowship's motion for summary judgment, (see filings 211, 212,

and 213), and moved to amend the amended complaint. Filing 214. Fellowship's reply brief on the motion for summary judgment was filed on November 18, 2005. Accordingly, the filing 171 motion for summary judgment filed by Fellowship is fully submitted.

LEGAL ANALYSIS

The plaintiff's motion to amend was both untimely filed under this court's order, and improperly supported under this court's local rules. NECivR 15.1(a) states:

> A party who moves for leave to amend a pleading (including a request to add parties) shall file as an attachment to the motion an unsigned copy of the proposed amended pleading. Except as provided in these rules or by leave of court, the proposed amended pleading must be a complete pleading which, if allowed to be filed, supersedes the pleading amended in all respects; no portion of the prior pleading may be incorporated into the proposed amended pleading by reference. The motion for leave to amend shall set forth specifically the amendments proposed to be made to the original pleading, state whether the motion is unopposed, and identify the amendments in the proposed amended pleading.

Though the plaintiff has identified the new theories of recovery to be added, the plaintiff has not filed a copy of the proposed second amended complaint. Failing to provide the proposed amended complaint places the opposing parties and the court in the position of having to speculate as to how the plaintiff's new theories will be alleged, and, having so speculated, determining whether those likely allegations actually state a claim upon which relief may be granted. Unless justice otherwise requires, this court adheres to the local rules. It will not engage in a supposition-upon-supposition analysis to determine whether leave to file an amended complaint should be

granted, especially when, in the absence of any ability to review a proposed amended complaint, it appears the plaintiff is attempting to resurrect allegations of vicarious liability that were voluntarily dismissed over a year ago.

Moreover, the deadline for requesting leave to amend the complaint was December 23, 2004, before the parties commenced their extensive deposition discovery process. When a party seeks a late amendment to its pleadings after the time for doing so established by a pretrial order has passed, the court must consider that Rule 15 of the Federal Rules of Civil Procedure is to be construed liberally, but it also considers the reasons for the noncompliance, the seriousness of the claim or defense sought to be added, the prejudice, if any, to the opposing parties, and whether that prejudice can be reduced or eliminated by granting a continuance in the case. Popp Telcom v. American Sharecom, Inc., 210 F.3d 928, 943 (8th Cir. 2000). The court is not to adhere to a scheduling order only for the sake of enforcement when doing so will not further the interests of justice and the interest in having the dispute decided on its merits. Krispin v. May Dept. Stores Co., 218 F.3d 919, 924 (8th Cir. 2000).

The plaintiff claims he or she recently became aware of the proposed additional theories of recovery: The proposed vicarious liability claim is based on newly discovered facts, and the breach of fiduciary duty claim is basis on evolving theories of law apparently unforeseen before the deadline for amending the complaint. These arguments are not supported by the record.

The plaintiff's initial complaint alleged Fellowship and New Hope were vicariously liable for the alleged intentional acts of Vella. Those claims were voluntarily dismissed. In seeking to re-allege these claims, the plaintiff argues that through

5

discovery conducted thereafter, the plaintiff became aware of the "true relationship between Vella and the churches," and "that Vella, as the pastor of both of these churches, was essentially the alter ego of the church, and his conduct as pastor of these two churches was, in actuality, the conduct of the church." The plaintiff presents no evidence to reveal what new and unforeseen information was learned through discovery, and Fellowship's evidence reveals that to the extent "new information" was discovered, the discovery was made no later than June of 2005, when depositions of both Fellowship and Vella were completed, and long before either Fellowship or New Hope moved for summary judgment.

As to the breach of fiduciary duty claim, plaintiff's counsel states that after reviewing the facts and the law of the May 2005 decision in Fortin v. The Roman Catholic Bishop of Portland, 871 A.2d 1208 (Maine 2005), plaintiff concluded that a claim for breach of fiduciary duty should be raised and resolved in this lawsuit. However, in Anonymous v. St. John Lutheran Church of Seward, 14 Neb. App. 42, 43, 703 N.W.2d 918, 919 (2005), the same plaintiff's counsel, representing a different alleged victim, claimed that in 1971 and 1972, that plaintiff was sexually abused by a minister on numerous occasions while he was acting in the course of his position as a teacher and minister for the defendant church, that the abuse took place on school property, and that the church refused to discharge the minister and report him to criminal authorities. The St. John petition, filed on November 1, 2002, alleged "causes of action for intentional infliction of emotional distress, negligence, breach of fiduciary duty, breach of implied warranty, and misrepresentation." Id.

Though the law may be evolving in this area, before <u>Anonymous v. Vella</u> was initially filed, plaintiff's counsel had, under similar facts, previously raised a breach of fiduciary claim in a state lawsuit. As to raising such a claim in this action, "it is safe to assume those theories were known and researched long before plaintiff became aware of the case of <u>Fortin v. The Roman Catholic Bishop of Portland</u>, 871 A.2d 1208 (Maine 2005)." Filing 218 (Fellowship brief) at p. 2.

The plaintiff also claims neither Fellowship nor New Hope will be prejudiced by permitting plaintiff's proposed amended complaint, but the plaintiff will be barred from pursuing potentially valid theories of relief. Absent allegations or a brief that explains how these potential theories may be raised as applied to the facts of this case, the court is in no position to assess the potential merit of the proposed claims and, accordingly, the potential prejudice to the plaintiff in denying these claims.

However, my review of the file establishes that defendants Fellowship and New Hope were justified in conducting discovery limited to negligence theories, and not theories of vicarious liability for intentional torts or breach of fiduciary duty. Plaintiff's late attempt to add additional theories will likely require re-opening discovery and cause additional litigation expenses. Moreover, these organizational defendants have invested the time and resources to move for summary judgment, and one of those motions is fully submitted. "Indeed, it appears that the merits of Defendant's summary judgment motion and brief are the motivating factors for Plaintiff's filing the motion to amend." Filing 218 (Fellowship brief) at p. 1.

7

I conclude the plaintiff's noncompliance with the court's local rules, specifically plaintiff's failure to submit a proposed amended complaint, justifies an order denying the motion to amend the complaint.  In the absence of a proposed complaint, the court cannot reasonably determine if the plaintiff is presenting potentially viable claims that could withstand a Rule 12(b)(6) motion.  Moreover, the plaintiff's brief and motion, as submitted, do not establish what, if any, prejudice the plaintiff will suffer if the amendment is not permitted; plaintiff's failure to move to amend in accordance with court's deadlines, and at least before summary judgment motions were filed, was not justified; the extent of plaintiff's delay in moving to amend was not warranted by newly discovered facts or recently revealed theories of recovery; the complaint as requested by the plaintiff will likely result in duplication of discovery efforts and will substantially delay the resolution of a case that has already been pending for over a year and a half; and from the record before me, it appears that at least as to the vicarious liability claims, the plaintiff is attempting to re-allege theories the plaintiff previously decided could not withstand Rule 11 scrutiny.

IT THEREFORE HEREBY IS ORDERED: The plaintiff's motion to amend, filing 214, is denied.

DATED this 30th day of November, 2005.

BY THE COURT:

s/ *David L. Piester*
David L. Piester
United States Magistrate Judge