```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEBRASKA
```

| | | |
|---|---|---|
| ANONYMOUS, | ) | |
| | ) | |
| Plaintiff, | ) | 8:04CV269 |
| | ) | |
| v. | ) | |
| | ) | |
| GORDON KEENE VELLA, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

The plaintiff filed a motion to compel responses to interrogatories served on September 19, 2006. These interrogatories were directed at determining the extent of defendant's financial assets and liabilities. Filing 250. On February 21, 2007, the defendant was ordered to answer these interrogatories within ten days. Filing 265. The ten days afforded the defendant to either appeal this court's filing 265 order or comply with that order have now passed.[1] The defendant has not filed an appeal nor a certificate of service stating that interrogatory responses were served on the plaintiff.

The disclosure of financial information ordered by the court on plaintiff's motion to compel and the pending motion to quash a subpoena directed to defendant's employer, filing 263, are interrelated. The plaintiff previously filed a notice to serve the defendant's employer to obtain personnel information, and the defendant successfully quashed that subpoena. Filing 120. However, the May 5, 2005 memorandum and order on the previous motion to quash explained:

---

[1] Plaintiff's counsel filed a motion for sanctions on March 7, 2007, stating the defendant had not timely provided the court-ordered discovery responses. Filing 275. However, under Rule 6(a) and (e) of the Federal Rules of Civil Procedure, the ten-day deadline for complying with the order or filing an appeal (see NECivR 72.2(a)) was March 12, 2007.

> Assuming this court's record reflects all the discovery requests plaintiff has served on Vella, the plaintiff has never requested financial information nor a description of his current employment and responsibilities from Vella himself.
>
> . . .
>
> Exercising the discretion afforded by Rule 26(b)(2) of the Federal Rules of Civil Procedure, I shall therefore quash the subpoena to obtain Vella's personnel file from C.B. Richard Ellis at this time.  If the plaintiff wishes to discover information concerning Vella's financial and employment status, she must first request the information from Vella himself through *normal discovery channels.* If such measures are unsuccessful, in whole or in part, and do not reveal the information plaintiff needs to pursue her punitive damages claims, she may re-serve her notice to subpoena Vella's personnel file.  At that time the matter may again be presented to the court if necessary.

Filing 120 (memorandum and order) at p. 12-13 (emphasis added).

The plaintiff has attempted to obtain the defendant's financial information by interrogatory, but despite defendant's assurances (over a period spanning months if not years), the defendant has refused to provide this information.  He has also failed to comply with this court's order to answer the interrogatories.

The plaintiff's proposed subpoena demands that defendant's employer, CB Richard Ellis, produce "copies of any and all personnel files, employment records, and other documents or items" relating to the defendant.  Filing 263, Ex. A.  The defendant's motion to quash states the requested information is irrelevant.  However, the plaintiff is seeking punitive damages under Missouri law for all claims against the defendant and arising from actions occurring in Missouri.  Filing 56, ¶ 6.

Under Missouri law, the defendant's "worth or financial condition" is a relevant consideration in awarding punitive

damages. <u>Beggs v. Universal C. I. T. Credit Corp</u>., 409 S.W.2d 719, 724 (1966). "Any evidence of a defendant's financial status--not just his net worth--is relevant and admissible." <u>Collins v. Hertenstein</u>, 90 S.W.3d 87, 97 (Mo. App. W.D. 2002). Evidence of the defendant's employment and ongoing or potential income from that employment is relevant in determining punitive damages. <u>Collins</u>, 90 S.W.3d at 97 (reversing a judgment where the judge improperly limited the jury's consideration of defendant's financial condition by refusing to permit the plaintiff to introduce evidence of the defendant's employment and income).

While the plaintiff's subpoena is broadly written, the "personnel files, employment records, and other documents or items" relating to the defendant will likely include admissible evidence on the issue of punitive damages, or information relevant to the discovery of admissible evidence on this issue. Such records will likely reveal the likelihood and stability of defendant's continued employment, information relevant to potential promotions, defendant's past earning history, and his potential future worth and financial status. Though the defendant claims his income may be severely limited if his employer is served with this subpoena, he has not been cooperative with the plaintiff's discovery efforts or forthcoming with information without resort to serving a subpoena on his employer. Accordingly, the defendant's motion to quash must be denied.

IT THEREFORE HEREBY IS ORDERED: The defendant's motion to quash, filing 263, is denied.

DATED this 13th day of March, 2007.

BY THE COURT:

s/ *David L. Piester*
David L. Piester
United States Magistrate Judge

3