IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ANONYMOUS, | ) | 8:04CV269 |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| GORDON KEENE VELLA, | ) | |
| | ) | |
| Defendant. | ) | |

In accordance with rulings made in chambers during the court's conference with the parties' attorneys immediately prior to trial,

IT IS ORDERED that:

1. Plaintiff may be referred to throughout trial as Amy Crane, although the case caption will not be modified.

2. Plaintiff's motion and amended motion for sanctions (filings 275, 278) are granted to the extent that Defendant shall pay Plaintiff attorney fees in the amount of $1,500.00 (to be included in the final judgment in this matter), but in all other respects are denied inasmuch as Plaintiff has complied with the court's previous order (filing 289) by serving answers to interrogatories .

3. Because Defendant has filed no objections to Plaintiff's exhibits, the court will generally overrule any objection Defendant makes at trial to any exhibit, except that the court will consider objections regarding undue prejudice, and, further, that Plaintiff is directed not to offer any

evidence regarding Defendant's financial condition as it relates to the question of punitive damages until such time as the court determines whether punitive damages may be awarded.

4. Because Defendant filed no objections to depositions by April 4, 2007, the court will consider only objections to the reading of depositions that relate to undue prejudice.

5. Plaintiff shall not present evidence of Defendant having an affair with an adult woman without first approaching the bench and getting a ruling.

6. If Defendant testifies, the court is inclined to give an adverse inference instruction regarding his previous invocation of his Fifth Amendment privilege against self-incrimination. Defendant may brief this issue, however. Plaintiff's counsel in his opening statement shall not mention Defendant's invocation of the Fifth Amendment, but may tell the jury that Defendant has never denied Plaintiff's allegations of abuse.

7. The court is inclined to rule that Defendant's prior conviction for indecent exposure is relevant, but Defendant may brief this issue.

8. A proposed "<u>Daubert</u> motion" by Defendant regarding testimony of Plaintiff's experts will not be viewed favorably by the court, inasmuch as the time for filing such a motion has long since passed.

April 24, 2007.   BY THE COURT:

s/ *Richard G. Kopf*
United States District Judge