IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ANONYMOUS, | ) | 8:04CV269 |
| | ) | |
| Plaintiff, | ) | **MEMORANDUM** |
| vs. | ) | **AND ORDER** |
| | ) | |
| GORDON KEENE VELLA, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff has presented evidence that she was sexually abused by Defendant in both Missouri and Nebraska.  Missouri law permits recovery of punitive damages, while Nebraska law does not.  Compare A.R.B. v. Elkin, 98 S.W.3d 99, 105 (Mo.App.W.D. 2003) (punitive damages authorized where father's acts of sexual abuse were outrageous and were committed with evil motive or reckless indifference to the rights of his children), to Distinctive Printing and Packaging Co. v. Cox, 443 N.W.2d 566, 574 (Neb. 1989) (punitive damages contravene Neb. Const. art. VII, § 5, and thus are not allowed in this jurisdiction).  Although Plaintiff attempts to divide her cause of action into a Missouri claim and a Nebraska claim, and to recover punitive damages for the abuse that allegedly occurred in Missouri, I conclude that such an approach is not consistent with Nebraska conflict-of-law principles, which must be applied in this case.  See Schwan's Sales Enterprises, Inc. v. SIG Pack, Inc., 476 F.3d 594, 595 (8th Cir. 2007) (in diversity cases, federal district courts look to the conflict-of-law principles in the state where it sits).

For personal injury claims, the Nebraska Supreme Court has adopted Restatement (Second) of Conflict of Laws  ("Restatement") § 146 (1971).  See Malena v. Marriott Int'l, Inc., 651 N.W.2d 850, 856 (Neb. 2002).  Section 146 provides:

> In an action for a personal injury, the local law of the state where the injury occurred determines the rights and liabilities of the parties, unless, with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 to the occurrence and the parties, in which event the local law of the other state will be applied.

Restatement at 430.  Although § 146 is the starting point, the Restatement, supra, § 158, comment a. at 485, specifically deals with "the circumstances under which there may be recovery for emotional distress," as claimed by Plaintiff in this case. See Malena, 651 N.W.2d at 856.  "The Restatement provides that 'the applicable law will usually be the local law of the state where the injury occurred,' § 158(2) at 484, and directs a court to apply the Restatement, supra, § 145, to select the law that determines whether 'the interest affected is entitled to legal protection.' § 158(1) at 484."  Id.  "Section 145 at 414 is the 'most significant relationship' test used for determining the applicable law for specific tort claim issues."  Id.  Section 145(1) provides:

> The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6.[1]

---

[1] Section 6 provides:

> (1) A court, subject to constitutional restrictions, will follow a statutory directive of its own state on choice of law.
> (2) When there is no such directive, the factors relevant to the choice of the applicable rule of law include
> (a) the needs of the interstate and international systems,
> (b) the relevant policies of the forum,
> (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,
> (d) the protection of justified expectations,

2

Restatement at 414.

"Section 145(2) provides the contacts that a court should consider when determining which state has the most significant relationship to the parties and the occurrence under the general conflict of law principles stated in § 6(2) of the Restatement."  Malena, 651 N.W.2d at 856-857.  These contacts, "which are to be evaluated according to their relative importance with respect to the particular issue," are:

   (a)   the place where the injury occurred,
   (b)   the place where the conduct causing the injury occurred,
   (c)   the domicil, residence, nationality, place of incorporation and place of business of the parties, and
   (d)   the place where the relationship, if any, between the parties is centered.

Restatement at 414.

The law selected by application of § 145 also determines the right to punitive damages.  See Restatement § 171, comment d.  In Enron Corp. v. Lawyers Title Ins. Corp., 940 F.2d 307, 312 & n. 11 (8th Cir. 1991), the Eighth Circuit, applying Nebraska conflict-of-law principles to determine whether Nebraska law or Virgin Islands law governed the issue of punitive damages, ultimately concluded that Nebraska's constitutional prohibition against punitive damage awards should take precedence over the Virgin Island's public policy permitting punitive damages

---

   (e) the basic policies underlying the particular field of law,
   (f) certainty, predictability and uniformity of result, and
   (g) ease in the determination and application of the law to be applied.

Restatement at 10.

awards under Restatement (Second) of Torts, § 908 (1977)),[2] especially since the plaintiff decided to file suit in Nebraska.  While this holding "does not mean . . . that punitive damages will never be proper in Nebraska district courts sitting in diversity cases," see id. at n. 10, it certainly favors the application of Nebraska law to the issue of punitive damages in this case, where the alleged abuse occurred in both Missouri and Nebraska.

The Missouri Supreme Court has declared that the remedy of punitive damages "is so extraordinary or harsh that it should be applied only sparingly." Rodriguez v. Suziki Motor Corp., 936 S.W.2d 104, 109 (Mo. 1996) (adopting a "clear and convincing" evidence standard).  Thus, balancing Missouri's interest in awarding punitive damages (sparingly) against Nebraska's interest in prohibiting such an award (always), it appears that Nebraska has the most significant relationship to this case, all other things being equal.  However, all other things are not equal.  The evidence in this case establishes that most of the alleged abuse took place in Nebraska, while Plaintiff was residing with Defendant.  In this circumstance, where there is no evidentiary support for dividing Plaintiff's compensatory damages for emotional distress between occurrences in Missouri and Nebraska, I find that Nebraska law applies to preclude an award of punitive damages.  See Aquilino v. Philadelphia Catholic Archdiocese, 884 A.2d 1269, 1277 (Pa. Sup. 2005) (finding no authority for plaintiff's argument that court should split application of Pennsylvania and New Jersey statutes of limitations if incidents of sexual abuse occurred in both states; rather, conflict-of-laws principles required court to determine which state had the greatest interest in applying its law; had court engaged in such analysis, it likely would have applied Pennsylvania statute of limitations because the abuse occurred primarily in that state and the parties resided there at the time); Doe v. Emerson, No.

---

[2] The Missouri Supreme Court has also adopted Restatement § 908 as the basic rule for awarding punitive damages, see Burnett v. Griffith, 769 S.W.2d 780, 789 (Mo. 1989), but punitive damages have been recoverable in Missouri since at least 1873. See id. at 787.

2005-CA-00290-O, 2006 WL 2971314, *4 (Fla.Cir.Ct. June 2, 2006) (Florida statute of limitations applied even though sexual abuse also occurred in Nevada, Colorado, Illinois, and Indiana).

Accordingly,

IT IS ORDERED that Plaintiff's claim for punitive damages is denied as a matter of law.

April 30, 2007.                         BY THE COURT:

                                        s/ *Richard G. Kopf*
                                        United States District Judge

5